# United States District Court
### for the
### Western District of New York

United States of America

v.

**JESSICA LEYLAND**
(Counts 1-8), and
**ANDREW CLEMENTS a/k/a Tiger**
(Counts 4-7)

*Defendants*

Case No. 23-mj- 5229
(FILED UNDER SEAL)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT ONE

In or about July 2029, in the Western District of New York, the defendant, **JESSICA LEYLAND**, did knowingly, intentionally, and unlawfully use or attempt to use the threat of physical force against a person with the intent to influence, delay, or prevent the testimony of that person in an official proceeding, in violation of Title 18, United States Code, Section 1512(a)(2)(A).

### COUNT TWO

In or about July 2019, in the Western District of New York, the defendant, **JESSICA LEYLAND**, did knowingly, intentionally, and unlawfully use or attempt to use the threat of physical force against a person with the intent to cause or induce that person to withhold testimony from an official proceeding, in violation of Title 18, United States Code, Section 1512(a)(2)(B)(i).

### COUNT THREE

In or about July 2019, in the Western District of New York, the defendant, **JESSICA LEYLAND**, did knowingly, intentionally, and unlawfully use or attempt to use the threat of physical force against a person with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(a)(2)(C).

### COUNT FOUR

From on or about October 13, 2023, the exact date being unknown, until on or about October 24, 2023, in the Western District of New York, the defendants, **JESSICA LEYLAND** and **ANDREW CLEMENTS a/k/a Tiger**, did knowingly and willfully combine, conspire, and agree together and with others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846.

## COUNT FIVE

On or about October 13, 2023, in the Western District of New York, the defendants, **JESSICA LEYLAND** and **ANDREW CLEMENTS a/k/a Tiger**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), Title 18, United States Code, Section 2.

## COUNT SIX

On or about October 19, 2023, in the Western District of New York, the defendants, **JESSICA LEYLAND** and **ANDREW CLEMENTS a/k/a Tiger**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about October 24, 2023, in the Western District of New York, the defendant, **JESSICA LEYLAND** and **ANDREW CLEMENTS a/k/a Tiger**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), Title 18, United States Code, Section 2.

## COUNT EIGHT

On or about October 25, 2023, in the Western District of New York, the defendant, **JESSICA LEYLAND**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Thomas V. Weis*
Complainant's signature

THOMAS V. WEIS
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION
Printed name and title

*Michael J Roemer*
Judge's signature

Sworn to and signed telephonically.

Date: October 26, 2023

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

**THOMAS V. WEIS**, being duly sworn, deposes and says:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since March of 2017. I am currently assigned to the Buffalo Field Office and to the Safe Streets Task Force within that office. My duties include the investigation of drug trafficking and organized crime matters. As such, I am an investigator or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516.

2. I, along with other agents of the FBI and Homeland Security Investigations ("HSI") are investigating crimes related to public corruption, bribery, drug trafficking, sex trafficking, and drug trafficking. To date, the investigation has resulted in several indictments, including a pending Second Superseding Indictment in Case No. 19-CR-227-LJV, which charges an individual, "P.G.", with violations of federal law consisting of: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 2), bribing a public official, in violation of 18 U.S.C. § 201(b)(1)(A) and (b)(1)(C) (Count 6), maintaining a drug-involved

premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 7), conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 8), and conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c) (Count 9). See Dkt. No. 89.

3. As set forth in the above-referenced Second Superseding Indictment, the investigation and charges include, among other things: drug and sex trafficking activities that have occurred in and around Pharaohs Gentlemen's Club ("PGC").

4. The information contained in this affidavit is based upon your affiant's personal knowledge as well upon reports, charging documents, and information received from other law enforcement officers and agencies and from other law enforcement activities. Because this Affidavit is being submitted for a limited purpose, that is, a probable cause determination, I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause.

5. This affidavit is submitted in support of a Criminal Complaint charging JESSICA LEYLAND ("LEYLAND") with violations of Title 18, United States Code, Sections 1512(a)(2)(A) (tampering with a witness- influence, delay, prevent testimony); 1512(a)(2)(B)(i) (tampering with a witness- withhold testimony); 1512(a)(2)(C) (tampering with a witness- communication); and 2 (aiding and abetting). This affidavit further seeks to charge LEYLAND and ANDREW CLEMENTS a/k/a Tiger, with violations of Title 21, United States Code Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2, as those statutes relate to distribution and conspiracy to distribute controlled substances, including cocaine, a Schedule II controlled substance.

2

## THE RELEVANT STATUTES

6.  Title 18, United States Code, Section 1512(a)(2)(A) makes it unlawful to use or attempt to use the threat of physical force against any person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding.

7.  Title 18, United States Code, Section 1512(a)(2)(B)(i) makes it unlawful to use or attempt to use the threat of physical force against any person with the intent to cause or induce any person to withhold testimony from an official proceeding.

8.  Title 18, United States Code, Section 1512(a)(2)(C) makes it unlawful to use or attempt to use the threat of physical force against any person with the intent to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

9.  Title 21, United States Code, Section 841(a)(1) makes it unlawful to possess with intent to distribute, and distribute, controlled substances, and Title 21, United States Code Section 846 makes it unlawful to conspire to do the same.

10. Title 18, United States Code, Section 2 provides that (a) "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal[;]" and (b) "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

3

## PROBABLE CAUSE

## BACKGROUND OF INVESTIGATION

11. On October 31, 2019, a federal grand jury in the Western District of New York returned an eleven-count indictment against an individual, "J.B.", for violations of Title 21, United States Code, Section 846, and Title 18, United States Code, Sections 371, 201(b)(2)(A), 201(b)(2)(C), 1001(a)(2), and 1519. See Case No. 19-CR-227, Doc. No. 1. The Indictment contained references to, among other things, unindicted Coconspirator 1 and Pharaohs Gentlemen's Club (PGC), located at 999 Aero Drive, Cheektowaga, New York.

12. On November 29, 2019, law enforcement applied for and received search warrants authorizing the searches of a residence associated with "P.G.", who was then only referenced as unindicted Conspirator 1, and PGC.

13. On December 12, 2019, law enforcement executed the search warrants at both locations. Thereafter, there was significant media coverage of these search warrants, including about P.G. and PGC.

14. The investigation, conducted over a period of years, and which included numerous witness interviews, has established that JESSICA LEYLAND is a longtime and loyal associate of P.G., a former employee at PGC, and is an individual who distributed cocaine at PGC and elsewhere.

4

## TAMPERING, RETALIATION, AND THREATS AGAINST A VICTIM/WITNESS

15. Before and after the December 12, 2019, federal search warrants executed at P.G.'s residence and at PGC, law enforcement interviewed numerous individuals regarding the investigation of J.B., P.G., and conduct occurring in and around PGC.

16. One individual, VICTIM, is a former dancer at PGC who has spent time in an intimate relationship with P.G. as well as resided with P.G. at times.

17. VICTIM provided information to federal law enforcement about P.G. and PGC in April 2019, after VICTIM was arrested by local authorities for allegedly stealing a watch that belonged to P.G. Separately, investigation has established that P.G. has a relationship with at least one police officer who was involved in VICTIM's arrest pertaining to the watch. After VICTIM was arrested, a supervisor at the local police department, who does not have a relationship with P.G., assessed that VICTIM had information that would potentially be relevant to federal agents. As a result, the supervisor contacted a federal agent, and federal agents, including a Homeland Security Investigations ("HSI") Special Agent ("SA"), responded and interviewed VICTIM at the local police department.

18. The information VICTIM provided was relevant to the ongoing federal investigation into P.G. and PGC, and investigation that was being conducted before a Federal Grand Jury, which would later result in the filing of the Indictment in Case No. 19-CR-227-

JLS, which was a predecessor to the pending Second Superseding Indictment in Case No. 19-CR-227.

19. On or about April 27, 2019, subsequent to agents' interview of VICTIM and other ongoing investigation, P.G.'s cellular telephone was seized pursuant to border search authority and obtained by HSI.

20. Shortly after speaking with federal agents, it appears that VICTIM's cooperation with federal agents was discovered and VICTIM was assaulted by LEYLAND, who is loyal to P.G.

21. Specifically, in or about July 2019, and after VICTM had provided information about P.G., VICTIM was assaulted by LEYLAND while VICTIM was a patron at a local restaurant/bar. While at the restaurant/bar, LEYLAND approached VICTIM and asked if she could speak with VICTIM. Immediately after agreeing to speak to LEYLAND, LEYLAND told VICTIM that LEYLAND heard VICTIM was, "**talking to the Feds**" and "**what the fuck is wrong with you?**" LEYLAND then told VICTIM, "**I'm going to fucking kill you**" while simultaneously placing the VICTIM in a "headlock."[1] The VICTIM understood these threats and actions as relating to cooperating with the "Feds" against P.G.

---

[1] A headlock is defined as placing an arm around someone's head or neck in an effort to control the person's body and is often used in wrestling matches. A headlock can also be manipulated in such a way as to restrict the blood flow from the heart to the brain and causing the individual to pass out and eventually die if circulation of blood to the brain is not reestablished.

22. WITNESS 1 was interviewed by Federal Agents, and WITNESS 1 observed LEYLAND actively assaulting the VICTIM by having the VICTIM in a headlock while at the restaurant/bar.

23. The VICTIM further explained that the assault on the VICTIM's person by LEYLAND made the VICTIM "nervous." The VICTIM stated the VICTIM felt nervous because the assault by LEYLAND occurred subsequent to the VICTIM providing information to federal law enforcement regarding P.G.'s criminal activity as well as LEYLAND mentioning that the VICTIM was speaking to the "Feds." The VICTIM could not figure out how, and did not know, how LEYLAND was aware of the fact that VICTIM spoke with federal agents.

24. The VICTIM later was threatened with physical violence by another female associate of P.G., which culminated in a witness tampering indictment against P.G. *See* 23-CR-037. In particular, the VICTIM was threatened with physical violence and called a "snitch" and "narc". Additionally, the individual who sent the threats referred to P.G. by name in the context of the threats. Further investigation revealed that P.G. was both with the sender of the threatening text messages at the time the messages were sent and was referring to the VICTIM as a "snitch bitch."

25. The VICTIM[2] was placed in fear by LEYLAND during the course being physically assaulted and threatened with further violence as a result of the foregoing.

## DRUG DISTRIBUTION BY JESSICA LEYLAND AND ANDREW CLEMENTS

26. LEYLAND operates a stag company called Extraordinaire Entertainment. Through numerous interviews over a period of time, law enforcement has learned that LEYLAND provides stag party services and often distributes cocaine at stag parties through her company. Additionally, law enforcement has learned that various women, who are often addicted to, or unlawfully use controlled substances, work for LEYLAND and provide "extras," to men at stag parties. The extras include commercial sex acts during stag parties through LEYLAND and her stag company.

27. After contacting LEYLAND via telephone number 201-600-4921, a phone number obtained from her stag company website, law enforcement operating in an undercover capacity engaged with LEYLAND and discussed having a stag party with her. Additionally, law enforcement engaged LEYLAND in discussions about obtaining drugs from LEYLAND.

28. As a result, LEYLAND "middled" a drug transaction by placing the undercover law enforcement in contact with a cocaine supplier, ANDREW CLEMENTS, on

---

[2] At the time VICTIM provided the information to federal law enforcement, federal law enforcement had no role in the disposition of VICTIM's arrest pertaining to P.G.'s watch. Subsequently, VICTIM's drug addiction worsened, and eventually VICTIM was charged with in federal court in an unrelated misdemeanor drug case. Since that time, federal agents in conjunction with VICTIM's defense attorneys have aided VICTIM's efforts to obtain drug treatment.

8

October 13, 2023. As a result, LEYLAND is both a coconspirator and an and abettor with regarding to cocaine transactions between undercover law enforcement and ANDREW CLEMENTS, which occurred on the following dates and in the following drug amounts:

    (i)    October 13, 2023: approximately 3.5 grams of cocaine;

    (ii)    October 19, 2023: approximately 8 grams of cocaine; and

    (iii)    October 24, 2023: approximately 8 grams of cocaine.

29. On October 25, 2023, an undercover officer met with LEYLAND and purchased an "eight ball" of cocaine directly from LEYLAND, which is approximately 3.5 grams.

## CONCLUSION

30. Based upon the foregoing, there is probable cause to believe that, on dates set forth above, JESSICA LEYLAND and ANDREW CLEMENTS a/k/a Tiger violated the above-referenced statutes. Accordingly, I respectfully request issuance of the attached Criminal Complaint, and that the complaint and supporting affidavit remain under seal until further order of the Court.

*Thomas V. Weis*
THOMAS V. WEIS
Special Agent
Federal Bureau of Investigation

Sworn to and signed telephonically
this 26th day of October, 2023.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge